IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM NIEHOFF | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SPS TECHNOLOGIES, INC. | : | NO. 16-3301 |

MEMORANDUM

Bartle, J.                                          November 10, 2016

Plaintiff William Niehoff has sued his former employer, defendant SPS Technologies, Inc., for unequal pay, constructive discharge, and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq., and for age discrimination and retaliation in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. §§ 951 et seq.  The parties have since stipulated to the voluntary dismissal of the retaliation allegations contained within Counts Two and Three of the complaint.

Before the court is the motion of SPS Technologies to dismiss Niehoff's remaining claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[1]

---

1.  SPS Technologies titles its motion "Defendant SPS Technologies, LLC's 12(b)(6) Motion to Dismiss Counts I and II of Plaintiff's Complaint."  However in its supporting memorandum it requests the court to dismiss the entire complaint.

I.

When deciding a motion to dismiss under Rule 12(b)(6),
the court must accept as true all factual allegations in the
complaint and draw all inferences in the light most favorable to
the plaintiff.  See Phillips v. Cnty. of Allegheny, 515 F.3d
224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542
F.3d 59, 64 (3d Cir. 2008).  We must then determine whether the
pleading at issue "contain[s] sufficient factual matter,
accepted as true, to 'state a claim for relief that is plausible
on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570
(2007)).  A claim must do more than raise a "mere possibility of
misconduct."  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d
Cir. 2009) (quoting Iqbal, 556 U.S. at 679).  Under this
standard, "[t]hreadbare recitals of the elements of a cause of
action, supported by mere conclusory statements, do not
suffice."  Iqbal, 556 U.S. at 678.

On a motion to dismiss for failure to state a claim,
the court may consider "allegations contained in the complaint,
exhibits attached to the complaint, and matters of public
record."  Pension Benefit Guar. Corp. v. White Consol. Indus.,
Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles
Allen Wright & Arthur R. Miller, Federal Practice and Procedure
§ 1357 (2d ed. 1990)).  The court may also consider "matters

incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

In support of its motion to dismiss, SPS Technologies argues among other points that the claims are out of time. The statute of limitations defense is typically an affirmative defense to be pleaded in the answer. See Fed. R. Civ. P. 8(c). However, under the "Third-Circuit Rule" the statute of limitations defense is properly asserted by a Rule 12(b)(6) motion if "'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" See Brown v. Montgomery Cty., 470 Fed. App'x 87, 90 (3d Cir. 2012), (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).

II.

The following facts are viewed in the light most favorable to Niehoff, the nonmoving party. Niehoff, who was born on December 19, 1947, was employed by SPS Technologies for over forty-seven years before he ceased working there at the age of sixty-six on January 3, 2014. He received his final paycheck

-3-

from on January 27, 2014.  At that time, his title was Senior
Analyst, Raw Materials.

Niehoff had received a raise in salary nearly every
year beginning in 1966 until 2010, when the raises stopped.
Upon inquiry, he learned from SPS Technologies that pay
increases were based on merit.  However, shop employees, who
were primarily under forty years of age, continued receiving
"automatic" raises without regard to merit.

In the same year, after Niehoff inquired about the
discontinuation of his annual raise, SPS Technologies told him
that it was restricting him from working overtime because of a
newly instituted fixed budget.  While Niehoff and other
employees over the age of sixty were prohibited from working
overtime, some younger employees were permitted to do so.
Around this time, Niehoff also began receiving negative
performance reviews when previously his reviews had only been
positive or satisfactory.  In 2009, his annual salary was
$104,521.  Four years later in 2013, his annual salary was
$60,728.

On July 21, 2014, Niehoff filed a Charge of
Discrimination with the Equal Opportunity Employment Commission
("EEOC").  He included the names of at least five other
employees he alleged may have also been subject to
discrimination by SPS Technologies.  A similar Charge was

-4-

thereafter filed with the Pennsylvania Human Relations Commission.   On March 31, 2016, the EEOC issued Niehoff a Notice of Right to Sue.   He commenced this action on June 24, 2016.

In Count One of the complaint, Niehoff alleges SPS Technologies violated the ADEA by taking adverse employment action against him because of his age.   This adverse action took the form of unequal pay and constructive discharge. Specifically, Niehoff alleges that SPS Technologies has violated the ADEA by "prohibiting [him] form working overtime hours, reducing his salary, and issuing unjustified performance appraisals" without legitimate business justification.   He maintains these actions were part of a pattern, practice, or policy of discrimination against older workers.   He alleges all of the paychecks he received from the time his salary began decreasing in 2009 to the time he received his final paycheck in January 2014 resulted from SPS Technologies' discriminatory compensation practices.   According to Niehoff, these practices ultimately resulted in his constructive discharge.

In Niehoff's remaining claim in Count Three of the complaint, he alleges SPS Technologies violated the PHRA by taking adverse employment actions against him because of his age by "prohibiting [him] from working overtime hours, reducing his salary, and issuing unjustified performance appraisals" without legitimate business justification.

III.

SPS Technologies first contends that Niehoff's compensation claims are barred by the applicable administrative statute of limitations.  In a deferral state such as Pennsylvania, a plaintiff must file a charge of discrimination with the EEOC before bringing a suit in federal court under the ADEA.  The charge of discrimination must be filed with the EEOC within 300 days after the unlawful practice occurred or within 30 days after receiving notice of the termination of proceedings under state law, whichever is earlier.  See Colgan v. Fisher Sci. Co., 935 F.2d 1407, 1414 (3d Cir. 1991).

SPS Technologies maintains that these discriminatory events are discrete acts which took place in 2010 and that Niehoff did not file his EEOC Charge until July 21, 2014.  He asserts that his EEOC Charge was timely filed under the Lilly Ledbetter Fair Pay Act of 2009 ("FPA"), 42 U.S.C. § 2000e-5(e)(3)(A).

Congress passed the FPA in 2009 in response to the Supreme Court's decision in Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618 (2007).  The Ledbetter Court held that a pay-setting decision was a discrete act and therefore the time period for filing a claim of discrimination with the EEOC commenced at the time that the pay-setting decision first

occurred even though the employee continues to receive periodic reduced pay checks as a result.  See 550 U.S. at 621.

The purpose of the FPA is "to reinstate the law regarding the timeliness of pay compensation claims as it was prior to the Ledbetter decision, which Congress believed undermined statutory protections against compensation discrimination by unduly restricting the time period in which victims could challenge and recover for discriminatory compensation decisions." Mikula v. Allegheny Cty., 583 F.3d 181, 184 (3d Cir. 2009).  The FPA, which amended the ADEA, defines an unlawful employment practice with respect to discrimination in compensation:

> For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation . . . when a discriminatory compensation decision or other practice is adopted, when a person becomes subject to a discriminatory compensation decision or other practice, or when a person is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.  29 U.S.C. § 626(c)(3) (emphasis added).

Our Court of Appeals has explained that "each paycheck that stems from a discriminatory compensation decision or pay structure is a tainted, independent employment-action that commences the administrative statute of limitations." Noel v. The Boeing Co., 622 F.3d 266, 271 (3d Cir. 2010).  Thus, each

-7-

paycheck issued pursuant to a discriminatory compensation decision or practice commences the 300 statute of limitations period if the paycheck reflects "a 'periodic implementation' of a previously made intentionally discriminatory employment decision or 'other practice.'"   <u>Mikula</u>, 583 F.3d at 186.

Niehoff makes a claim of wage discrimination because of his age in Count One of the complaint.  He alleges that younger employees continued to receive annual salary increases and continued to be permitted to work overtime, while he was not.  Niehoff ties his claim of age discrimination to his reduced wages by alleging his salary decreased from $104,521 in 2010 to $60,728 in 2014 due to the discriminatory practices of SPS Technologies in the denial of overtime hours and the termination of annual salary raises.  He asserts that younger employees continued to be afforded these wage opportunities that he was not.

The timeliness of Niehoff's claim of wage discrimination in violation of the ADEA is governed by the FPA. The administrative statute of limitations commences on the date each paycheck was issued pursuant to an earlier instituted discriminatory compensation decision or practice.  His claim of age discrimination is not barred for paychecks that were issued within 300 days of July 21, 2014, the date he filed a charge of discrimination with the EEOC.

-8-

IV.

We turn to Niehoff's claim of constructive discharge
in violation of the ADEA.  SPS Technologies contends that
Niehoff did not administratively exhaust this claim.  The ADEA
requires a plaintiff to exhaust all administrative remedies
before bringing suit in federal court, and failure to do so will
result in dismissal under Rule 12(b)(6).  See Slingland v.
Donahoe, 542 Fed. App'x 189, 191 (3d Cir. 2013).

Niehoff counters that his claim of constructive
discharge was administratively exhausted since it was alleged in
the Charge filed with the EEOC on July 21, 2014 and the EEOC
thereafter issued him a Notice of Right to Sue letter.  He cites
the following language in his EEOC Charge: "We believe that an
investigation will confirm a pattern, and policies and
practices, by SPS of cutting the overtime hours and the yearly
salary raises for older employees and not younger employees, in
an attempt to force the older employees to retire or otherwise
leave the company."  Niehoff further references his "Rebuttal to
Defendant's Response to the EEOC Charge" in which he stated:
"[I]nvestigation will show that SPS employed a pattern of
systemically underpaying older employees in a veiled attempt to
force them into retirement or resignation."

Our Court of Appeals has recognized that the
"parameters of a civil action in the District Court are defined

-9-

by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976).  It is not required that a claim be explicitly stated within a Charge filed with the EEOC.  Rather, a claim is administratively exhausted with the EEOC if it is fairly within the scope of the EEOC Charge or within the investigation that can be reasonably expected to grow out of the Charge.  Antol v. Perry, 82 F.3d 1291, 1295-96 (3d Cir. 1996).  Niehoff's Charge filed with the EEOC clearly describes the claim of constructive discharge in violation of the ADEA.  As such, he has administratively exhausted this claim.

    As SPS Technologies did with respect to Niehoff's wage claim, it also argues that his claim of constructive discharge in violation of the ADEA is barred by the administrative statute of limitations.  Constructive discharge occurs when "an employer discriminates against an employee to the point such that 'his working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign.'"  Green v. Brennan, 136 S.Ct. 1769, 1776 (2016), (quoting Pennsylvania State Police v. Suders, 542 U.S. 129, 141 (2004)).

    The statute of limitations for a claim of constructive discharge commences when the plaintiff has a "complete and

-10-

present cause of action." <u>Green</u>, 136 S.Ct. at 1777.  A
plaintiff does not have such a claim until the plaintiff is
constructively discharged.  <u>See</u> <u>id.</u> at 1776-77.  It requires
both the employee's decision to leave and the employer's
precipitating conduct.  <u>Pennsylvania State Police v. Suders</u>, 542
U.S. 129, 148 (2004).  It is only when the employee is actually
constructively discharged that the clock begins to run for the
purpose of the statute of limitations.  <u>See</u> <u>Green</u>, 136 S.Ct. at
1777.  Niehoff ceased working for SPS Technologies on January 3,
2014, and he filed his EEOC Charge on July 21, 2014.  Since the
filing was within 300 days of his alleged constructive
discharge, this claim is timely.

V.

SPS Technologies further asserts that Niehoff has
failed to state a claim for constructive discharge in violation
of the ADEA and a claim for wage discrimination in violation of
the ADEA, evening assuming that the claims are not out of time
and were properly filed with the EEOC.

SPS Technologies contends that Niehoff has not stated
a claim for constructive discharge because he has not alleged
sufficient facts to show that his discriminatory working
conditions were so intolerable that a reasonable person in that
position would resign.  This argument is without merit.  It is
not appropriate for the court to delve into such a "fact-

-11-

intensive question" on a motion to dismiss under Rule 12(b)(6).
Hill v. Borough of Kutztown, 455 F.3d 225, 232 n. 7 (3d Cir.
2006).

SPS Technologies next argues that Niehoff has not
stated a claim for relief for age discrimination based on
reduced compensation.  SPS Technologies contends that Niehoff
has failed to set forth a prima facie case of age discrimination
because he has not alleged that a similarly situated employee
received more favorable treatment than he did.

Age discrimination may be established through direct
or indirect evidence.  Duffy v. Magic Paper Group, Inc., 265
F.3d 163, 167 (3d Cir. 2001).  Where plaintiff establishes his
or her claim of employment discrimination through direct
evidence, a plaintiff may prevail without proving the elements
of a prima face case.  See Swierkiewcz v. Sorema N.A., 534 U.S.
506, 511 (2002) (citing Trans World Airlines, Inc. v. Thurston,
469 U.S. 111, 121 (1985)).  In the case of indirect evidence,
the plaintiff has the initial burden of establishing a prima
facie case of discrimination under the burden-shifting framework
of McDonnell Douglas.  McDonnell Douglas Corp. v. Green, 411
U.S. 792, 803 (1973).  Establishing a prima facie case creates a
presumption of discrimination.  The burden of production then
shifts to the defendant to provide a legitimate,
nondiscriminatory reason for the adverse employment action.  Id.

at 802-03.  If the defendant provides a legitimate, nondiscriminatory reason for the adverse employment action, this rebuts the presumption of discrimination.  The plaintiff then bears the burden of proving that the defendant's provided reason for the adverse employment action is pretext for unlawful discrimination.  <u>Id.</u> at 803.  This burden-shifting scheme is not a pleading requirement but rather it concerns the order and allocation of proof.  <u>Id.</u> at 799.

Plaintiff does not have to elect at the pleading stage whether his evidence of discrimination will be direct or indirect.  Thus, it is "incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." <u>Swierkiewcz</u>, 534 U.S. at 511-12 (2002).

Niehoff has pleaded sufficient factual allegations under Rule 12(b)(6) to survive a motion to dismiss.  We find that he has satisfied this requirement, and a deeper inquiry is not required at this stage.[2]

_____

2.  We also note that in an age discrimination case based on an employee's discharge the plaintiff does not have to prove that similarly situated younger employees received more favorable treatment.  <u>See</u> <u>Pivirotto v. Innovative Sys. Inc.</u>, 191 F.3d 344, 357 (3d Cir. 1999).

Finally, SPS Technologies argues that Niehoff has not pleaded his claims for age discrimination in violation of the ADEA under the standards set forth in the Supreme Court decisions of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2008) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).[3]  We find this argument to be without merit.

---

3.  This argument was first raised by SPS Technologies in its reply brief.  Even if the argument had merit, it is untimely.